IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10750
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

JEFFERY H. REYNOLDS, III,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(3:96-CR-003-H)
- - - - - - - - - -
July 8, 1997
Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Jeffery H. Reynolds, III, federal prisoner # 61306080, appeals his conditional guilty-plea conviction for wire fraud, count two of a 20-count superseding indictment.  He argues that the district court erred in denying his request for a hearing pursuant to Kastigar v. United States, 406 U.S. 441 (1972), and in calculating the amount of intended loss used to determine his offense level under U.S.S.G. § 2F1.1(b)(1)(R).

_____

    [*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Our review of the record and the arguments and authorities convince us that no reversible error was committed. Under the facts and circumstances of this case, the district court did not abuse its discretion in denying Reynolds' request for a <u>Kastigar</u> hearing. We recognize that testimony obtained under a grant of act-of-production immunity could not be used directly or derivatively against Reynolds as the custodian of the corporate documents. See <u>Braswell v. United States</u>, 487 U.S. 99, 117 (1988). Reynolds' production of the subpoenaed corporate documents, however, did not constitute testimonial and self-incriminating evidence that the documents existed. See <u>Fisher v. United States</u>, 425 U.S. 391, 410 (1976). The subpoenaed documents were the kind usually associated with a corporation and their existence was not at issue. <u>Id</u>. at 411-12.

Further, the district court's finding that the amount of intended loss was the total coverage of the policies written is not clearly erroneous. See <u>United States v. Krenning</u>, 93 F.3d 1257, 1269 (5th Cir. 1996). The district court employed a reasonable methodology and made a reasonable determination of the loss. <u>Id</u>.

Accordingly, the judgment of the district court is AFFIRMED. Reynolds' <u>pro</u> <u>se</u> motion for leave to file a supplemental brief is DENIED. See <u>Myers v. Johnson</u>, 76 F.3d 1330, 1335 (5th Cir. 1996).